**CONDITIONALLY GRANT and Opinion Filed August 21, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00796-CV

## IN RE KAREN BURKS, Relator

**Original Proceeding from the County Court at Law No. 7**
**Collin County, Texas**
**Trial Court Cause No. 007-01918-2019**

## MEMORANDUM OPINION

Before Justices Bridges, Reichek, and Carlyle
Opinion by Justice Bridges

In this original proceeding, we must decide whether relator Karen Burks timely perfected her appeal of the underlying eviction case to the county court. We requested real party in interest Orion Prosper Lakes LLC file a response to Burks' petition for writ of mandamus. That response was due July 15, 2019. No response was filed. We conclude Burks' appeal was timely perfected and conditionally grant a writ of mandamus to vacate the county court's order remanding this matter to justice court and reinstating in county court her appeal of the justice court's judgment.

On May 13, 2019, Orion filed in justice court a sworn complaint for forcible detainer seeking to have Burks evicted from property leased from Orion. On June 5, 2019, the justice court signed a final judgment awarding possession of the property to Orion. On June 10, 2019, Burks filed in justice court a notice of appeal and statement of inability to afford payment of court costs or an appeal bond. On June 26, 2019, the county court signed an order remanding the case to justice court "for execution of judgment" because Burks "failed to timely perfect his [sic] appeal."

On June 27, 2019, Burks filed a motion for reconsideration pointing out that her notice of appeal and statement of inability to pay were timely filed, and the county court's docket sheet indicated (1) Burks had no objection to the statement of inability to pay and (2) the case was for possession only, and no funds needed to be paid into the court's registry. After the county court remanded the case to justice court, Burks filed this petition for writ of mandamus seeking to have the county court's order vacated and the case reinstated in county court for de novo appeal.

A party seeking mandamus relief must establish that (1) the trial court clearly abused its discretion and (2) there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). There is no adequate remedy at law if relator establishes that the county court abused its discretion by dismissing her appeal. *See In re Meredith*, No. 03-15-00029-CV, 2015 WL 1968007, at * 2 (Tex. App—Austin May 1, 2015) (orig. proceeding) (relator lacks an adequate remedy at law and is entitled to mandamus if she establishes that the county court abused its discretion in denying her request to proceed without paying filing fee).

A party may appeal a judgment in an eviction case by filing a bond, making a cash deposit, or filing a sworn statement of inability to pay with the justice court within five days after the judgment is signed. TEX. R. CIV. P. 510.9(a). An appeal of a justice court's ruling is perfected when a bond, cash deposit, or statement of inability to pay is filed in accordance with rule 510.9. TEX. R. CIV. P. 510.9(f). An appellant who cannot furnish a bond or pay a cash deposit in the amount required may instead file a statement of inability to pay. TEX. R. CIV. P. 510.9(c). The statement may be contested within five days after receiving notice of the statement of inability to pay. TEX. R. CIV. P. 510.9(c). If an appellant appeals an eviction for nonpayment of rent, the justice court must provide the appellant with written notice regarding payment of rent into the registry of the court. TEX. R. CIV. P. 510.9(c).

Here, the justice court signed its judgment on June 5, 2019, awarding Orion possession of the property. Burks timely filed a notice of appeal and affidavit of inability to pay costs on June 10, 2019. The justice court noted on its docket sheet that no payment of funds into the court registry was required because the petition was for possession only, and no such funds were deposited. The justice court notified Orion regarding the statement of inability to pay and advised Orion it had five days to challenge the affidavit. Orion did not file a contest to the statement of inability to pay. The affidavit contains the required financial information and otherwise complies with the requirements of the property code and the rules of civil procedure. The justice court forwarded the file to the county court, indicating its approval of the compliant affidavit.

We conclude the trial court abused its discretion in determining Burks' appeal was not timely perfected and remanding the underlying case to justice court. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. The trial court's order does not dismiss the case, and we do not treat the order as a judgment of dismissal that would be appealable. Accordingly, we conditionally grant the writ of mandamus. We direct the trial court to, within twenty-one (21) days of the date of this opinion, issue a written order vacating the trial court's order remanding this matter to justice court and reinstating in county court relator's appeal of the justice court's judgment. We are confident the trial court will comply, but a writ will issue if the trial court fails to comply.

/David L. Bridges/
DAVID L. BRIDGES
190796F.P05                                              JUSTICE

–3–